IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARRY SEABROOKS,

         Plaintiff,        CIV. S-04-1538-FCD-PAN-PS

  v.

BFI BROWNING FERRIS INDUSTRIES,        ORDER
et al.,

         Defendants.
_____/

----oo0oo----

    This matter was referred to the Honorable Peter A. Nowinski, United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636, et seq., and E.D. Local Rule 72-302.  On May 17, 2005, Judge Nowinski recommended that plaintiff's action be dismissed and ordered he pay sanctions in the amount of $3,612.00.  On May 25, 2005, plaintiff filed objections to the findings and recommendations.

    The court has reviewed the file, including parties' papers

in support of, and opposition to, the motion to dismiss, the magistrate judge's findings and recommendations, and plaintiff's objections thereto.  For the reasons stated herein, adopts in part and rejects in part the findings and recommendations of the magistrate judge.

## BACKGROUND

On January 12, 2001, plaintiff, Garry Seabrooks ("plaintiff"), filed a complaint ("Seabrooks I") against his former employer, Browning Ferris Industries ("BFI"), a co-worker, and the BFI's law firm for wrongful termination in violation of Title VII, 42 U.S.C. § 2000e-5, and for violation of the Employee Retirement Income Security At of 1974 ("ERISA").[1]  Defendant law firm filed a motion to dismiss, which the court granted on September 4, 2001.  On November 5, 2001, the remaining defendants moved for summary judgment.  The magistrate judge issued findings and recommendations on August 7, 2002 recommending that the motion be granted.  By order dated September 5, 2002, the district court adopted the magistrate judge's findings and recommendations.  Plaintiff subsequently filed multiple motions for reconsideration, which were denied.  Plaintiff's appeal to the Ninth Circuit was rejected.

Plaintiff filed the instant complaint on August 5, 2004 naming as defendants BFI and BFI's legal counsel in Seabrooks I,

---

[1] The court takes judicial notice of the magistrate judge's findings and recommendations and this court's orders in Seabrooks I.  Fed. R. Evid. 201.

1 the Law Offices of Paul Plevin Sullivan & Connaughton ("PPS&C").
2 The complaint alleges the same claims, for wrongful termination
3 in violation of Title VII, and violation of ERISA, that were
4 subject to final adjudication in Seabrooks I.

**ANALYSIS**

6  Defendants move to dismiss pursuant to Fed. R. Civ. P.
7 12(b)(6), or in the alternative, for summary adjudication
8 pursuant to Fed. R. Civ. P. 56(c).  In ruling upon a motion to
9 dismiss, the court may consider only the complaint, any exhibits
10 thereto, and matters which may be judicially noticed pursuant to
11 Federal Rule of Evidence 201.  See <u>Mir v. Little Co. Of Mary
12 Hospital</u>, 844 F.2d 646, 649 (9th Cir. 1988); <u>Isuzu Motors Ltd. v.
13 Consumers Union of United States, Inc.</u>, 12 F. Supp. 2d 1035, 1042
14 (C.D. Cal. 1998).  Because the court can resolve the motion by
15 reference only to the complaint, and this court's orders in the
16 prior litigation, of which the court takes judicial notice, the
17 court treats the motion as one to dismiss, pursuant to Rule
18 12(b)(6).  See <u>Egan v. Teets</u>, 251 F.2d 571, 578 (9th Cir. 1957)
19 (finding that district court in habeas corpus proceeding properly
20 took judicial notice of prior habeas corpus proceedings in same
21 court involving same state prisoner).

22 **I.   Motion to Dismiss**

23  As to defendant BFI, the final adjudication in Seabrooks I
24 is res judicata barring plaintiff's claims in this proceeding.[2]

---

[2] Although it is an affirmative defense, Res Judicata may
be raised by motion to dismiss when, as here, resolution of the

3

The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies. In re International Nutronics, Inc., 28 F.3d 965, 969 (9th Cir. 1994) *cert. denied sub nom* Robertson v. Isomedix, Inc., 513 U.S. 1016 (1994)(citing In re Jenson, 980 F.2d 1254, 1256 (9th Cir.1992)).  "Res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Id.   Seabrooks I involved the same parties, plaintiff and BFI, and the same claims.  The court rendered a final judgment in Seabrooks I, when it granted summary judgment of plaintiff's claims.  Thus, Res Judicata bars plaintiff's claims in this action.

Defendant PPS&C was not a party to Seabrooks I; therefore Res Judicata does not apply to plaintiff's claims against it. However, plaintiff's complaint, which alleges solely claims relating to plaintiff's termination of employment, fails to state a claim against PPS&C.  Plaintiff does not in fact make any allegations in the complaint or attachment thereto, as to actionable conduct by PPS&C.

Accordingly, for the reasons stated above, the court adopts the findings and recommendations of the magistrate judge that plaintiff's complaint should be dismissed in its entirety.

---

issue involves no dispute of fact.  Scott v. Kuhlman, 746 F.2d 1377, 1378 (9th Cir. 1984.)

4

**II.  Sanctions**

Defendants seek sanctions for violation of Fed. R. Civ. P. 11(b) in the amount of $3,612.00.  The court adopts the magistrate judge's findings and recommendations that sanctions are warranted in this case, but concludes that the appropriate sanction is $1,000.00.

## CONCLUSION

For the foregoing reasons, the court makes the following orders:

(1)  The Findings and Recommendations filed May 17, 2005, are adopted as modified herein;

(2)  This action is dismissed; and

(3)  Plaintiff shall pay sanctions in the amount of $1,000.00 for violation of Fed. R. Civ. P. 11(b).

IT IS SO ORDERED.

DATED: June 28, 2005.

/s/ Frank C. Damrell Jr.
UNITED STATES DISTRICT JUDGE