IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARRY SEABROOKS,

        Plaintiff,        CIV. S-04-1538-FCD-PAN-PS

    v.

BFI BROWNING FERRIS INDUSTRIES,        ORDER
et al.,

        Defendants.
_____/

----oo0oo----

    This matter was referred to the Honorable Peter A. Nowinski, United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636, et seq., and E.D. Local Rule 72-302.  On May 17, 2005, Judge Nowinski recommended that plaintiff's action be dismissed and ordered he pay sanctions in the amount of $3,612.00.  On May 25, 2005, plaintiff filed objections to the findings and recommendations.  By order dated June 28, 2005, the court adopted the magistrate judge's findings and recommendations.  Plaintiff

1 now moves for reconsideration of the court's June 28, 2005 order.

2 Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263. In order for evidence to be considered "new" for the purposes of Rule 60(b), it must be of such a character that it would change the outcome of the court's prior decision. See Fernhoff v. Tahoe Regional Planning Agency, 622 F.Supp. 121, 122 (D. Nev. 1985).

To prevail on a motion for reconsideration, the moving party must show: (1) the availability of new evidence; (2) a clear error of law resulting in manifest injustice; or (3) an intervening change in the controlling law. See School District No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to present new arguments or claims not raised in the summary judgment motion. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Similarly, a court does not err in declining to reconsider claims never pleaded in the complaint. See id.

Plaintiff has not met his burden of demonstrating (1) the availability of new evidence; (2) a clear error of law resulting in manifest injustice; or (3) an intervening change in the

1 | controlling law.  Accordingly, plaintiff's motion for
2 | reconsideration is DENIED.  Plaintiff is admonished that the
3 | court will look with disfavor on the filing of redundant motions
4 | that do not satisfy Rule 60's requirements.
5 |     IT IS SO ORDERED.
6 | DATED: July 21, 2005.

/s/ Frank C. Damrell Jr.
Frank C. Damrell, Jr.
UNITED STATES DISTRICT JUDGE

3